**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ETN CAPITAL, LLC,**

Plaintiff,

**v.** **Case No.: 8:26-cv-1787-MSS-SPF**

**SHENZHEN SHI XIAOLIN DASEN TECHNOLOGY CO., LTD. d/b/a SLINDAS, HOMTOK,**

Defendant.
___________________________________/

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Plaintiff ETN Capital, LLC's Renewed Motion for Temporary Restraining Order. (Dkt. 20) The Court reviewed the Motion, the supporting declarations of Taylor Fife and Eric Kleinertz, the memorandum of law, and the entire record in this matter. Being fully advised in the premises, and it appearing to the Court that immediate and irreparable injury, loss, or damage will result to the Plaintiff before the adverse party or their attorney can be heard in opposition, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for a Temporary Restraining Order, (Dkt. 20), is **GRANTED**.
2. Plaintiff submits evidence to satisfy all elements that entitle Plaintiff to a temporary restraining order ("TRO"):
    a. Plaintiff's patent is presumed valid under 35 U.S.C. § 282;

b. Plaintiff submits evidence to establish a *prima facie* case of direct infringement of its utility patent;

c. Plaintiff demonstrates the requisite likelihood of success on the merits of its patent infringement claim;

d. Plaintiff submits evidence that demonstrates that Defendant's direct infringement of the utility patent caused and continues to cause Plaintiff irreparable harm;

e. Plaintiff submits evidence that monetary damages will be inadequate to compensate Plaintiff for harm. The Court emphasizes (1) Defendant's limited contacts with the United States and (2) the ease of which Defendant operates with anonymity via online retail; and

f. a TRO will serve the public by furthering the long-held public policy favoring the protection of patent rights.

3. Defendant, Shenzhen Shi Xiaolin Dasen Technology Co., Ltd. d/b/a Slindas, Homtok ("Slin&Das"), and their officers, agents, employees, attorneys, and all other persons in active concert of participation with them are hereby **TEMPORARILY RESTRAINED and ENJOINED** from:

a. manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products infringing upon ETN's Patent, or any confusingly similar products;

b. secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or

distributed by ETN, that are infringing upon ETN's Patent; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products infringing upon ETN's Patent, or any confusingly similar products;

c. listing, offering, and creating any application used in conjunction with the infringing productions available on the iOS app store, Google Play store, or any other similar platform offering smart phone applications for purchase or download.

4. Slin&Das, and their officers, agents, employees, attorneys, and all other persons in active concert of participation with them are further ordered to:

a. immediately discontinue, until further order of this Court, the manufacturing and sale of products infringing upon ETN's Patent, on or in connection with all Internet based e-commerce store businesses owned, operated, or controlled by Defendant including any Internet-based e-commerce store;

b. immediately discontinue, until further order of this Court, the manufacturing and sale of products infringing upon ETN's Patent, or any confusingly similar trademarks within metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer

user or serves to direct computer searches to Internet based e-commerce stores registered by, owned, or operated by Defendant, including any Internet-based e-commerce store;

c. continue to preserve copies of all computer files relating to the use of any of the Internet-based e-commerce store website businesses under its Seller ID and shall take all steps necessary to retrieve computer files relating to the use of the Internet-based e-commerce stores under its Seller ID that may have been deleted before the entry of this TRO.

5. This TRO shall apply to the Seller IDs, associated e-commerce stores, and any other seller identification names, e-commerce stores, which are being used by Defendant for the purpose of manufacturing, marketing, or selling products infringing upon ETN's Patent at issue in this action and/or unfairly competing with Plaintiff.

6. Under Fed. R. Civ. P. 65(c), Plaintiff's strong likelihood of success on the merits, Defendant's minimal presence in the United States, and the anonymity of Defendant's online presence, support a determination that no bond is required of Plaintiff.

7. This Temporary Restraining Order shall expire fourteen (14) days from the date of entry, unless extended by further order of this Court or upon consent of the Parties.

8. If Plaintiff seeks to extend this TRO, Plaintiff must file for an extension of

this Temporary Restraining Order every 10 to 12 days.

9. Plaintiff shall continue its efforts to effectuate service of this Order and the case initiation documents in accord with the Hague Convention and provide updates to the Court in accord with Dkt. 16.

**DONE** and **ORDERED** in Tampa, Florida on this 1st day of September 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of record